RECEIVED

2020 APR 23  AM 10: 25

CLERK US DISTRICT FLORIDA
MIDDLE DISTRICT FLORIDA
TAMPA FLORIDA

**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, STATE OF ALASKA, STATE OF CALIFORNIA, STATE OF COLORADO, STATE OF CONNECTICUT, STATE OF DELAWARE, STATE OF FLORIDA, STATE OF GEORGIA, STATE OF HAWAII, STATE OF ILLINOIS, STATE OF INDIANA, STATE OF IOWA, STATE OF LOUISIANA, STATE OF MARYLAND, COMMONWEALTH OF MASSASSACHUSETTS, STATE OF MICHIGAN, STATE OF MINNESOTTA, STATE OF MONTANA, STATE OF NEVADA, STATE OF NEW JERSEY, STATE OF NEW MEXICO, STATE OF NEW YORK, STATE OF NORTH CAROLINA, STATE OF OKLAHOMA, STATE OF RHODE ISLAND, STATE OF TENNESSEE, STATE OF TEXAS, STATE OF VERMONT, COMMONWEALTH OF VIRGINIA and STATE OF WASHINGTON<br><br>ex rel. LINCE JACOB<br><br>    Plaintiffs,<br><br>v.<br><br>WALGREEN BOOTS ALLIANCE, INC.,<br><br>    Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. _____<br><br>8:2020 cv 858 T60 TGW<br><br><u>RELATOR'S COMPLAINT AND</u><br><u>DEMAND FOR JURY TRIAL</u><br><br><br>FILED IN CAMERA AND UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2) |

2020 APR 23  PM 1: 25
CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
TAMPA, FLORIDA

FILED

TPA -50778
#400

## FALSE CLAIMS ACT COMPLAINT AND DEMAND FOR JURY TRIAL

### I. SUMMARY STATEMENT

1.      This is a civil fraud action against Defendant Walgreen Boots Alliance, Inc. ("Walgreens") to recover damages and civil penalties arising from a scheme to bill federal and state healthcare systems for prescription drugs as the scripts are received, entered and filled; then, if the prescriptions are never sold to the customers, who fail to come in to pick them up, knowingly failing to reverse the billings and credit the government.

2.      *Qui tam* Relator Lince Jacob is a licensed pharmacist who has been employed by Walgreens for 17 years in the capacity of staff pharmacist (December 2002 to March 2007), Pharmacy Supervisor (March 2007 to May 2016) and Area Healthcare Supervisor (May 2016 to present). He brings this civil action on behalf of the United States of America ("United States") under the *qui tam* provisions of the federal False Claims Act, 31 U.S.C. § 3729 et seq., and on behalf of the state plaintiffs under analogous *qui tam* provisions in state false claims laws to recover the amounts overcharged by Walgreens plus statutory damages, penalties and attorneys' fees.

### II. JURISDICTION AND VENUE

3.      Count 1 of the Complaint is a civil action by Relator, acting on behalf of the United States, against Defendant Walgreens under the federal False Claims Act, 31 U.S.C. §§ 3729–33 ("FCA"). This Court has jurisdiction over Count 1 pursuant to 28 U.S.C. §§ 1331 and 1345, and 31 U.S.C. § 3732(a).

4.      Counts 2 through 30 of this Complaint are civil actions by Relator, acting on behalf of the various states named as plaintiffs herein, under the false claim laws of such states.

This Court has jurisdiction over Counts 2 through 31 under 28 U.S.C. § 1331, because the claims arise under federal law; under 31 U.S.C. § 3732(b), because these Counts arise from the same transactions or occurrences as the claims brought in Count 1; and/or under 28 U.S.C. § 1367, because these Counts form part of the same case or controversy as the claims brought in Count 1.

5.      Defendant Walgreens transacts business in this judicial district. In addition, Defendant Walgreens has engaged in acts in this judicial district that are proscribed under Section 3729 of the FCA. Accordingly, this Court has personal jurisdiction over the Defendant, and venue is appropriate in this district pursuant to both 31 U.S.C. § 3732(a) and 28 U.S.C. § 1391.

6.      Relator is unaware of any prior public disclosure of the allegations or transactions set forth in this Complaint as those terms are used in 31 U.S.C. § 3730(e)(4)(A).

7.      To the extent any allegation set forth in this Complaint may be similar to allegations or transactions that have been publicly disclosed within the meaning of 31 U.S.C. § 3730(e)(4)(A), Relator is permitted to proceed with this lawsuit because he is an "original source" as that term is defined in 31 U.S.C. § 3730(e)(4)(B).

8.      Before filing this lawsuit, Relator voluntarily provided the information set forth herein to an agent of the United States Department of Health and Human Services, Office of the Inspector General on March 23, 2020, and to the office of the United States Attorney for the Middle District of Florida, Tampa Division on March 30, 2020.  A written pre-filing disclosure was provided to the United States and the appropriate officers of all of the Plaintiff states on April 13, 2020. Moreover, Relator's information set forth herein is independent from,

and materially adds to, any public disclosures that may have occurred before Relator disclosed these matters to the federal and state officials.

### III.   THE PARTIES

#### A.  Relator

9.      Relator Lince Jacob is a licensed pharmacist domiciled in Clay County, Florida, who has been employed by Walgreens for 17 years in the capacity of staff pharmacist (December 2002 to March 2007), Pharmacy Supervisor (March 2007 to May 2016) and Area Healthcare Supervisor (May 2016 to present).  As a Pharmacy Supervisor, Relator supervised 31 store pharmacies in his district.  As an Area Healthcare Supervisor, Relator supervises 71 store pharmacies in his area or region.

#### B.  Plaintiff United States of America

10.      Relator brings Count 1 of this action on behalf of the United States pursuant to the *qui tam* provisions of the federal FCA, 31 U.S.C. §§ 3729–33.

11.      On behalf of the United States, Relator seeks recovery for damages suffered by Medicare, CHAMPUS, TRICARE, the Federal Healthcare Benefits program ("FEHBP) and other federal healthcare programs and the federal government's share of damages to state Medicaid programs resulting from the scheme described below.

#### C.  State Plaintiffs

12.      Relator brings Counts 2 thorough 30 of this action on behalf of the states of Alaska, California, Colorado, Connecticut, Delaware, Florida, Georgia, Hawaii, Illinois, Indiana, Iowa, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Montana, Nevada, New Jersey, New Mexico, New York, North Carolina, Oklahoma, Rhode Island, Tennessee,

Texas, Vermont, Virginia, Washington, and the District of Columbia (the "state plaintiffs"). Specifically, they bring this action under the *qui tam* provisions of the following false claims laws of the state plaintiffs: the Alaska Medical Assistance False Claims and Reporting Act, Alaska Stat. Ann. § 09.58.010 et seq.; California False Claims Act, Cal. Gov't. Code § 12650 et seq.; the Colorado False Claims Act, Colo. Rev. Stat. § 25.5-4-303.5 et seq.; the Connecticut False Claims Act, Conn. Gen. Stat. § 4-274 et seq.; the Delaware False Claims and Reporting Act, 6 Del. Code § 1201 et seq.; the Florida False Claims Act, Fla. Stat. Ann. §68.081 et seq.; the Georgia State False Medicaid Claims Act, Ga. Code Ann. § 49- 4-168 et seq.; the Hawaii False Claims Act, Haw. Rev. Stat. § 46-171 et seq.; the Illinois False Claims Act, 740 Ill. Comp. Stat. 175/1 et seq.; the Indiana False Claims and Whistleblower Protection Act, Ind. Code Ann. § 5-11-5.5-1 et seq.; the Iowa False Claims Act, Iowa Code § 685.1 et seq.; the Louisiana Medical Assistance Programs Integrity Law, La. Rev. Stat. Ann. § 46:437.1 et seq.; the Maryland False Health Claims Act, Md. Code Ann., Health-Gen. § 2-601 et seq.; the Massachusetts False Claims Act, Mass. Gen. Laws ch. 12, § 5A et seq.; the Michigan Medicaid False Claims Act, Mich. Comp. Laws § 400.601 et seq.; the Minnesota False Claims Act, Minn. Stat. § 15C.01 et seq.; the Montana False Claims Act, Mont. Code Ann. § 17-8-401 et seq.; the Nevada False Claims Act, Nev. Rev. Stat. § 357.010 et seq.; the New Jersey False Claims Act, N.J. Stat. Ann. § 2A:32C-1 et seq.; the New Mexico Medicaid False Claims Act, N.M. Stat. Ann. § 27- 14-1 et seq.; the New York False Claims Act, N.Y. State Fin. Law § 111 et seq.; the North Carolina False Claims Act, N.C. Gen. Stat. §1-605 et seq.; the Oklahoma False Claims Act, Okla. Stat. Ann. tit. 63, § 5053 et seq.; the Rhode Island State False Claims Act, R.I. Gen. Laws § 9-1.1-1 et seq.; the Tennessee Medicaid False Claims Act, Tenn. Code

Ann. § 71- 5-181 et seq.; the Texas Medicaid Fraud Prevention Act, Tex. Hum. Res. Code § 36.001 et seq.; the Vermont False Claims Act, Vt. Stat. Ann. tit. 32, § 631 et seq.; the Virginia Fraud Against Taxpayer Act, Va. Code Ann. § 8.01-216.1 et seq.; the Washington Medicaid Fraud False Claims Act, Wash. Rev. Code § 74.66.010 et seq. and the District of Columbia False Claims Law, D.C. Code § 2-381.01, et seq. (2014).

13.     On behalf of the state plaintiffs, Relator seeks recovery for the state portion of damages to the federal-state Medicaid programs, which are jointly funded by the United States and the state plaintiffs, that arose from the scheme described below.

## D.  The Defendant

14.     Defendant Walgreens operates the largest drugstore chain in the United States. As of August 31, 2017, the company operated 8,100 retail locations in all 50 states, with annual net sales of more than $118.21 billion. The company's net earnings for the fiscal year ending in August 2017 were $4.08 billion. The company is headquartered in Deerfield, Illinois, and incorporated in Delaware. Walgreens and/or its subsidiaries dispense prescription medications in this judicial district as well as in each of the other states named as plaintiffs herein. Walgreens does business through various direct and indirect subsidiaries, including Walgreen Co., Walgreens.com, Inc., Walgreens Mail Service, Inc., Walgreens Mail Service LLC, Walgreens Hastings Co., Walgreens Specialty Pharmacy, LLC, Walgreen Pharmacy Services Midwest, LLC, Walgreen Arizona Drug Co., Walgreen Eastern Co., Inc., Walgreens of North Carolina, Inc., Walgreen Louisiana Co., Inc., Walgreen of Hawaii, LLC, Walgreen of Maui, Inc.  Some or all of these subsidiaries may be added or substituted as defendants by amendment

pursuant to Fed. Rule Civ. Proc. 15(c)(1) if it appears that the subsidiaries are proper party defendant.

### IV.    THE FRAUDULENT FAILURE TO REFUND OVERPAYMENTS FOR DRUGS NEVER DISPENSED TO PATIENTS

15.     This fraudulent scheme concerns Walgreens's failure to refund to state and federal healthcare programs amounts previously billed for drugs that were never dispensed to patients.

16.     When Walgreens receives a script for a drug from a prescriber or Walgreens's customer, the first thing that the Walgreens pharmacist or pharmacy technician does is to enter the details of the script and bill Medicare, CHAMPUS, TRICARE, FEHBP, Medicaid or the applicable healthcare program through Walgreens's software known as Intercom Plus to ensure that the claim will be paid by insurance.

17.     Once the billing has been processed through Intercom Plus, if no claim denial is received back immediately from the insurer, Walgreens's Pharmacists verify the details of the script for appropriateness of therapy and drug interactions and the correctness of the script and then Walgreens personnel fill the prescription, send it to a pharmacist for final review, and, then put the prescription package in a hopper to await pick-up and payment of any co-payment or deductible by Walgreens's customer.

18.     The prescription is considered "entered" once it has been entered into Intercom Plus and billed to Medicare, CHAMPUS, TRICARE, FEHBP, Medicaid or the applicable healthcare program; it is considered "sold" only after it has been picked up and the co-payment or deductible has been paid by the Walgreens customer.

19.     A surprisingly large number of prescriptions are never picked up by the Walgreens customer. This problem is caused in part by the fact that Walgreens enrolls almost all its customers suffering from diabetes and other chronic conditions in its "Autofill" program, which automatically refills the patient's prescription at the expiration of 30 or 90 days. Walgreens has a stated goal that 60 percent of all prescriptions should be entered by patients via "Automated Refills," including "Touch Tone Pre-Fills, Automated Autofills, and requests through the Walgreens Internet website."

20.     Walgreens's management at its headquarters in Deerfield, Illinois, is well-aware of the problem created by the entered but unsold prescriptions and therefore produces a key performance indicator ("KPI") report known as the "Rx Entered, Not Sold" report. Typically, anywhere from 8.5% to 22% of all billed prescriptions are never picked up by the Walgreens Customer.  The report is generated weekly.  Relator knows that the problem exists nationwide as his region is ranked against other regions and the chain as whole.  His region has a rank of 4.5 on this metric, which is far superior to the national rank of 9.1.

21.     Walgreens's store-level personnel are trained by Walgreens's online learning modules to delete from the system and return to stock any prescriptions that have been entered but not sold after 10 days. Relator has been informed that these training is required by a five-year corporate integrity agreement that Walgreens entered into as a result of a settlement in a prior case. The deletion process is supposed to cause the Intercom Plus system to reverse claims that have been made and refund payments received from Medicare, CHAMPUS, TRICARE, FEHBP, Medicaid or the applicable healthcare program.

22.     However, this process is a manual one for which pharmacists are allotted little time because they are chronically overworked and always under pressure to fill new prescriptions as quickly as possible. Walgreens's management at the headquarters, regional, and district levels do almost nothing to police or incentivize pharmacists to ensure that they delete and refund unsold prescriptions. The lack of follow-through on the deletion process causes a large number of scripts to stay in the system as billed to plans, including Medicare, CHAMPUS, TRICARE, FEHBP, Medicaid and other government healthcare programs.

23.     Pharmacists are graded by Walgreens on key performance indicators such as 'verified by promise time," "script count," "payroll," and "PDC," which focus on patient fills, but not on promptness of deleting and refunding prescriptions that have been entered but not sold. For this reason, there are always approximately 50,000 prescriptions stuck in the status "Rx Entered, Not Sold."

24.     If a script is in the Intercom Plus system in ready status past the 14-day mark, it falls off the store's work que and is removed from the store view. Thus, busy pharmacists have only four days between the 10-day mark and the 14-day mark to delete and reverse unsold prescriptions.

25.     After 14 days, the only way the claim can be reversed or deleted is by the store alerting a Walgreens Area Healthcare Supervisor, such as Relator, who is required to manually delete and reverse the claim. There is a huge gap in this happening consistently because pharmacists do not have the time to follow through and Walgreens does not make these matters a priority. Relator seldom gets notifications to reverse claims from the 71 stores in his region, which do a better job than stores in other areas of the nation.

26.     After 30 days, the unsold prescriptions drop off of the Walgreens's Rx Entered, Not Sold report, but the billings are not reversed, as demonstrated by the fact that the prescriptions continue to show up in the Intercom Plus software with a blank in the field where the date of sale is supposed to be displayed. Upon inquiry to the Walgreens IT "Retail Hub," Relator was advised by Sheryl Sanders, a Senior Manager or Director of Third Party Operations at Walgreens's headquarters in Deerfield, Illinois, that there is no automated system for deletion and refunding of such prescriptions, which must be deleted manually.

27.     Section 3729 of the False Claims Act, and its state law counterparts, impose liability upon any person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;" or "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim." 31 U.S. Code § 3729(a)(1) (A) & (B).

28.     A prescription that has been pre-billed to a government healthcare program before it has been sold to and picked up by a customer is false, or contains false statements or records, because the prescription has not actually been delivered to and sold to the program beneficiary.[1]

29.     If the prescription is not picked up and purchased by the beneficiary within a reasonable time, in this case 10 days, then the pre-billed prescription becomes knowingly and

---

[1] This may not matter to government healthcare programs, and would be non-material, if the drug is promptly sold to the beneficiary who has presented a script at the pharmacy counter. As a matter of custom, Medicare, CHAMPUS, TRICARE, FEHBP, Medicaid and the other applicable healthcare program permit billing to precede actual dispensing of the drug in order that the pharmacy may ascertain coverage and the beneficiary's payment responsibility, the assumption being that the "sale" of the drug to the beneficiary will immediately follow. The custom breaks down when a substantial percentage of Walgreens's prescriptions are automatically filled without customer intervention through Walgreens's automated "AutoFill" program.

materially false or fraudulent and becomes actionable under 31 U.S. Code § 3729(a)(1) (A) & (B).

       30.    Examples of claims that were falsely billed by Walgreens before dispensing and became materially false or fraudulent when not picked up by the customer within 10 days are as follows:

- A prescription for Patient #1 for Latanoprost billed to an AARP Medicare prescription drug plan (AARPMPD) on June 5, 2019 and not reversed or refunded after 30 days as shown by a blank "sold" date in Intercom Plus on July 8, 2019.

- A prescription for Patient #2 for Flovent HFA 44 MCG Oral INH 120INH billed to a United Health Care Florida Medicare managed care plan (UHCFLMCD) on June 4, 2019 and not reversed or refunded after 30 days as shown by a blank "sold" date in Intercom Plus on July 8, 2019.

- A prescription for Patient #3 for Duloxetine DR 60 MG Capsules billed to an American Assoc. of Retired Persons Medicare prescription drug plan (AARPMPD) on June 4, 2019 and not reversed or refunded after 30 days as shown by a blank "sold" date in Intercom Plus on July 8, 2019.

- A prescription for Patient #4 for Novolog Mix 70.30 FLXPEN 3ML (BLUE) billed to a United Health Care Florida Medicaid managed care plan (UHCFLMCD) on June 4, 2019 and not reversed or refunded after 30 days as shown by a blank "sold" date in Intercom Plus on July 8, 2019.

- A prescription for Patient #5 for G Tablets billed to a Caremark Medicare prescription drug plan on June 10, 2019 and not reversed or refunded after 10 days as shown by a blank "sold" date in Intercom Plus on July 8, 2019.

- A prescription for Patient #6 for Azithromycin 1 GM Pak Powder billed to a United Health Care Florida Medicaid managed care plan (UHCFLMCD) on June 5, 2019 and not reversed or refunded after 30 days as shown by a blank "sold" date in Intercom Plus on July 8, 2019.

- A prescription for Patient #7 for Eliquis 5 MG Tablets billed to an America Assoc. of Retired Persons Medicare prescription drug plan (AARPMPD0 on June 17, 2019 and not reversed or refunded after 10 days as shown by a blank "sold" date in Intercom Plus on July 8, 2019.

- A prescription for Patient #8 for Prednisone 5MG Tablets Pac 21'S billed to TRICARE (TRICARE) on June 9, 2019 and not reversed or refunded after 10 days as shown by a blank "sold" date in Intercom Plus on July 8, 2019.

- A prescription for Patient #9 for Dexamethasone 4 MG Tablets billed to a United Health Care Florida Medicaid managed care plan (UHCFLMCD) on May 22, 2019 and not reversed or refunded after 30 days as shown by a blank "sold" date in Intercom Plus on July 8, 2019.

- A prescription for Patient #10 for Triamcinolone 0.1% Cream 80MG billed to the Federal Employees Healthcare Benefit Plan (FEP) on May 25, 2019 and not reversed or refunded after 30 days as shown by a blank "sold" date in Intercom Plus on July 8, 2019.

- A prescription for Patient #11 for Fluticasone 50MG Nasal SP (120) Rx billed to a United Health Care Florida Medicaid managed care plan on _June 11, 2019 and not reversed or refunded after 10 days as shown by a blank "sold" date in Intercom Plus on July 9, 2019.

- A prescription for Patient #12 for Epinastine 0.05% Ophth Sol 5ML billed to TRICARE (TRICARE) on June 18, 2019 and not reversed or refunded after 10 days as shown by a blank "sold" date in Intercom Plus on July 9, 2019.

- A prescription for Patient #13 for Lorazepam 1MG Tablets billed to a Humana Medicare prescription drug plan June 17, 2019 and not reversed or refunded after 10 days as shown by a blank "sold" date in Intercom Plus on July 8, 2019.

- A prescription for Patient #14 for Metoprolol Tartrate 25MG Tablets billed to a Humana Medicare prescription drug plan on June 11, 2019 and not reversed or refunded after 10 days as shown by a blank "sold" date in Intercom Plus on July 9, 2019.

- A prescription for Patient #15 for Butalbita/Acetaminophenl/Caff Tabs billed to an American Association of Retired Persons Medicare prescription drug plan on June 11, 2019 and not reversed or refunded after 10 days as shown by a blank "sold" date in Intercom Plus on July 9, 2019.

31.     Alternatively, after 60 days, if not earlier, Walgreens is legally obligated to refund to Medicare, CHAMPUS, TRICARE, FEHBP, Medicaid or the applicable healthcare program the entered but not sold prescriptions. Section 3729(b)(3) of the False Claims Act, as amended by the Fraud Enforcement and Recovery Act of 2009, imposes liability upon any

person who "knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government." This subsection is commonly described as creating a remedy for "reverse false claims."

32. Sec. 1128J of the Social Security Act, 42 U.S.C. 1320a-7k(d), as amended by the Patient Protection and Affordable Care Act of 2010, states:

> "Reporting and Returning of Overpayments.—
> (1) In general.—If a person has received an overpayment, the person shall—
> (A) report and return the overpayment to the Secretary, the State, an intermediary, a carrier, or a contractor, as appropriate, at the correct address; and
> (B) notify the Secretary, State, intermediary, carrier, or contractor to whom the overpayment was returned in writing of the reason for the overpayment.
> (2) Deadline for reporting and returning overpayments.—An overpayment must be reported and returned under paragraph (1) by the later of—
> (A) the date which is 60 days after the date on which the overpayment was identified; or
> (B) the date any corresponding cost report is due, if applicable.
> (3) Enforcement.—Any overpayment retained by a person after the deadline for reporting and returning the overpayment under paragraph (2) is an obligation (as defined in section 3729(b)(3) of title 31, United States Code) for purposes of section 3729 of such title."

33. Therefore, failure to refund billed but unsold prescriptions after 60 days constitutes a reverse false claim under Section 3729(b)(3) even if the pre-billing of prescriptions before they have been sold does not become actionable at the 10-day mark after billing, which Relator denies. Relator knows that billed prescriptions remain outstanding after the 60-day mark because the prescriptions continue to appear in Intercom Plus with a blank in the field where the date of sale is supposed to be displayed.

34. Examples of unsold prescriptions more than 60 days old that have not been refunded to Medicare, CHAMPUS, TRICARE, FEHBP, Medicaid or the applicable healthcare program are set forth below:

- A prescription for Patient #16 for Levothyroxine 0.088 MG (88MCG) Tabs billed to a Cigna Medicare Prescription Drug plan (CIGNAMPD) on July 25, 2019 and not reversed or refunded after 60 days as shown by a blank "sold" date in Intercom Plus on April 8, 2020.

- A prescription for Patient #17 for Hydrochlorothiazide 25 MG Tablets billed to Caremark Medicare Prescription Drug Plan (CMRKMPD) on May 29, 2019 and not reversed or refunded after 60 days as shown by a blank "sold" date in Intercom Plus on April 8, 2020.

- A prescription for Patient #18 for Proair HFA Oral Inhaler (200PFS) 85G billed to United Healthcare Florida Medicaid (UHCFLMCD) on June 7, 2019 and not reversed or refunded after 60 days as shown by a blank "sold" date in Intercom Plus on April 8, 2020.

### Scienter

35.     For liability to attach under the False Claims Act and comparable state false claims acts, the defendant must act knowingly.  By definition under the acts, "[t]he terms 'knowing' and 'knowingly'— (A) mean that a person, with respect to information— (i) has actual knowledge of the information; (ii) acts in deliberate ignorance of the truth or falsity of the information; or (iii) acts in reckless disregard of the truth or falsity of the information; and (B) require no proof of specific intent to defraud. *See e.g.* 31 U.S.C. 3729 (b)(1).

36.     Walgreens in its policy on "Preparation and Submission of Health Care Claims" dated June 12, 2008 (revised June 2012) states that "Examples of potential billing and

reimbursement fraud and abuse include, but are not limited to . . . Billing and failing to reverse prescriptions that are never picked up and therefore returned to stock."

37.     Nevertheless, Walgreens's management at the headquarters in Deerfield, Illinois, have taken no affirmative steps to automate the reversal of billings for prescriptions that are not picked up, relying instead upon manual deletion of prescriptions by its overworked pharmacists and failing to create incentives or conduct audits to ensure that unsold prescriptions are reversed.

38.     The custom of pre-billing for prescriptions never contemplated that a large percentage of prescriptions would be refilled automatically pursuant to Walgreens's AutoFill program, without human intervention, for patients who are not physically present in the store and have not gone to the trouble of calling to ask that a prescription by filled in advance of their store visit.

39.     If prescriptions refills are automated through Walgreens's AutoFill system without human intervention, then the reversal of unsold prescriptions that are not picked up within a reasonable time must likewise be automated.  Otherwise, the Walgreens system is intentionally designed to vigorously refill and bill prescriptions to government payers but not to apply the same vigor to reversal of claims that are never sold.

40.     By designing its system to work in this manner, Walgreens has acted at least recklessly or with deliberate ignorance in its failure to credit back claims for prescriptions that are not picked up.

## Materiality

41.     A false statement or record is material if it would have "a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property." *See* 31 U.S.C. §3729(b)(4) and comparable provisions of the state false claims acts.

42.     Medicare, CHAMPUS, TRICARE, FEHBP, Medicaid and other government healthcare programs permit the billing of prescriptions before they have been sold to a beneficiary based upon the assumption that the beneficiary has presented a script at the pharmacy counter and will buy the prescription within a matter of minutes when the prescription is filled.

43.     The custom of pre-billing never contemplated that a large percentage of prescriptions would be refilled automatically under Walgreens's AutoFill program for patients who are not physically present in the store and have not gone to the trouble of calling to ask that a prescription by filled in advance of their store visit.

44.     None of the state or federal programs would pay for a claim knowing that it has not been purchased by the beneficiary and all such programs would expect the billing to be reversed as soon as it is known by Walgreens that the prescription has not been sold to the beneficiary.

45.     Therefore, Walgreens's failure to promptly notify the applicable programs, and reverse its billings, when it becomes apparent from the "Rx Entered, Not Sold" report that prescriptions have not been sold is a failure to disclose material facts that makes the original billing false or fraudulent.

46.     As a matter of law, Walgreens also has an affirmative duty to return overpayments within at least 60 days of their identification on the "Rx Entered, Not Sold" report. Failure to do so, or to notify the state and federal programs that the overpayment has been identified, is material to the decision of such state and federal programs to pay or not seek reimbursement for amounts previously paid.

47.     Accordingly, Walgreens's failures to reverse billings for unsold prescriptions or to notify government programs that pre-billed prescriptions have not been sold are material to the payment decisions of Medicare, CHAMPUS, TRICARE, FEHBP, Medicaid and other applicable healthcare program.

## V.   DAMAGES

48.     Through the foregoing conduct, Walgreens has knowingly submitted false claims that have caused the state and federal healthcare programs to pay prescriptions that have not been sold to beneficiaries of the programs. The United States and the state Plaintiffs have been damaged in an amount to be established at trial. Relator estimates that there is at least one prescription entered but not sold for each of Walgreens 8,700 stores each month. The average Walgreens prescription costs $60. So, the potential overcharge is at least $550,000 per month or $6,264,000 per year. For the preceding six years within the statute of limitation, the overcharge would be approximately $37,384,000.

### COUNT ONE
(Federal False Claims Act, 31 U.S.C. § 3729 et seq.)

49.     This is a civil action by Plaintiff Lince Jacob, acting on behalf of and in the name of the United States, against the Defendant under the False Claims Act.

50.     Relator re-alleges and incorporate by reference paragraphs 1 through 48 as though fully set forth herein.

51.     Defendant Walgreens has knowingly presented or caused to be presented false claims for payment or approval, in violation of 31 U.S.C. § 3729(a)(1)(A).

52.     Defendant Walgreens has knowingly made or used, or caused to be made or used, false records or statements material to false or fraudulent claims, in violation of 31 U.S.C. § 3729(a)(1)(B).

53.     Defendant Walgreens has knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money to the United States, in violation of 31 U.S.C. § 3729(a)(1)(G).

54.     Based on the foregoing allegations, the United States has suffered actual damages, with the exact amount to be determined at trial.

## COUNT TWO
(Alaska Medical Assistance False Claims and Reporting Act,
Alaska Stat. Ann. § 09.58.010 et seq.)

55.     Relator re-alleges Paragraphs 1 through 48 inclusive.

56.     Defendant Walgreens has knowingly presented or caused to be presented false claims for payment or approval, in violation of Alaska Stat. Ann. § 09.58.010 (a)(1).

57.     Defendant Walgreens has knowingly made or used, or caused to be made or used, false records or statements material to false or fraudulent claims, in violation of Alaska Stat. Ann. § 09.58.010 (a)(2).

58.     Defendant Walgreens has knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money to the state of Alaska, in violation of Alaska Stat. Ann. § 09.58.010 (a)(4).

59.     Based on the foregoing allegations, the state of Alaska has suffered actual damages, with the exact amount to be determined at trial.

**COUNT THREE**
(California False Claims Act, Cal. Gov't Code § 12650 et seq.)

60.     Relator re-alleges Paragraphs 1 through 48 inclusive.

61.     Defendant Walgreens has knowingly presented or caused to be presented false claims for payment or approval, in violation of Cal. Gov't Code § 12651(a)(1).

62.     Defendant Walgreens has knowingly made or used, or caused to be made or used, false records or statements material to false or fraudulent claims, in violation of Cal. Gov't Code § 12651(a)(2).

63.     Defendant Walgreens has knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money to the state of California, in violation of Cal. Gov't Code § 12651(a)(7).

64.     Based on the foregoing allegations, the state of California has suffered actual damages, with the exact amount to be determined at trial.

**COUNT FOUR**
(Colorado False Claims Act, Colo. Rev. Stat. § 25.5-4-303.5 et seq.)

65.     Relator re-alleges Paragraphs 1 through 48 inclusive.

66.     Defendant Walgreens has knowingly presented or caused to be presented false claims for payment or approval, in violation of Colo. Rev. Stat. § 25.5-4-305(1)(a).

67.     Defendant Walgreens has knowingly made or used, or caused to be made or used, false records or statements material to false or fraudulent claims, in violation of Colo. Rev. Stat. § 25.5-4-305(1)(b).

68.     Defendant Walgreens has knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money to the state of Colorado, in violation of Colo. Rev. Stat. § 25.5-4-305(1)(f).

69.     Based on the foregoing allegations, the state of Colorado has suffered actual damages, with the exact amount to be determined at trial.

### COUNT FIVE
(Connecticut False Claims Act, Conn. Gen. Stat. § 4-274 et seq.)

70.     Relator re-alleges Paragraphs 1 through 48 inclusive.

71.     Defendant Walgreens has knowingly presented or caused to be presented false claims for payment or approval, in violation Conn. Gen. Stat. § 4-275(a)(1).

72.     Defendant Walgreens has knowingly made or used, or caused to be made or used, false records or statements material to false or fraudulent claims, in violation of Conn. Gen. Stat. § 4-275(a)(2).

73.     Defendant Walgreens has knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money to the state of Connecticut, in violation of Conn. Gen. Stat. § 4-275(a)(8).

74.     Based on the foregoing allegations, the state of Connecticut has suffered actual damages, with the exact amount to be determined at trial.

## COUNT SIX
(Delaware False Claims and Reporting Act, 6 Del. Code § 1201 et seq.)

75.    Relator re-alleges Paragraphs 1 through 48 inclusive.

76.    Defendant Walgreens has knowingly presented or caused to be presented false claims for payment or approval, in violation of 6 Del. Code § 1201(a)(1).

77.    Defendant Walgreens has knowingly made or used, or caused to be made or used, false records or statements material to false or fraudulent claims, in violation of 6 Del. Code § 1201(a)(2).

78.    Defendant Walgreens has knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money to the state of Delaware, in violation 6 Del. Code § 1201(a)(7).

79.    Based on the foregoing allegations, the state of Delaware has suffered actual damages, with the exact amount to be determined at trial.

## COUNT SEVEN
(Florida False Claims Act, Fla. Stat. § 68.081 et seq.)

80.    Relator re-alleges Paragraphs 1 through 48 inclusive.

81.    Defendant Walgreens has knowingly presented or caused to be presented false claims for payment or approval, in violation of Fla. Stat. § 68.082(2)(a).

82.    Defendant Walgreens has knowingly made or used, or caused to be made or used, false records or statements material to false or fraudulent claims, in violation of Fla. Stat. § 68.082(2)(b).

83. Defendant Walgreens has knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money to the state of Florida, in violation of Fla. Stat. § 68.082(2)(g).

84. Based on the foregoing allegations, the state of Florida has suffered actual damages, with the exact amount to be determined at trial.

### COUNT EIGHT
(Georgia State False Medicaid Claims Act, Ga. Code Ann. § 49-4-168 et seq.)

85. Relator re-alleges Paragraphs 1 through 48 inclusive.

86. Defendant Walgreens has knowingly presented or caused to be presented false or fraudulent claims to the state of California, in violation of Ga. Code Ann. § 49-4-168.1(a)(1).

87. Defendant Walgreens has knowingly made or used, or caused to be made or used, false records or statements material to false or fraudulent claims, in violation of Ga. Code Ann. § 49-4-168.1(a)(2).

88. Defendant Walgreens has knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money to the state of Georgia, in violation of Ga. Code Ann. § 49-4-168.1(a)(7).

89. Based on the foregoing allegations, the state of Georgia has suffered actual damages, with the exact amount to be determined at trial.

### COUNT NINE
(Hawaii False Medicaid Claims Act, Haw. Rev. Stat. § 46-171 et seq.)

90. Relator re-alleges Paragraphs 1 through 48 inclusive.

91.     Defendant Walgreens has knowingly presented or caused to be presented false claims for payment or approval, in violation of Haw. Rev. Stat. § 46-171(a)(1).

92.     Defendant Walgreens has knowingly made or used, or caused to be made or used, false records or statements material to false or fraudulent claims, in violation of Haw. Rev. Stat. § 46-171(a)(2).

93.     Defendant Walgreens has knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money to the state of Hawaii, in violation of Haw. Rev. Stat. § 46-171(a)(6).

94.     Based on the foregoing allegations, the state of Hawaii has suffered actual damages, with the exact amount to be determined at trial.

## COUNT TEN
(Illinois False Medicaid Claims Act, 740 Ill. Comp. Stat. 175/1 et seq.)

95.     Relator re-alleges Paragraphs 1 through 48 inclusive.

96.     Defendant Walgreens has knowingly presented or caused to be presented false claims for payment or approval, in violation of 740 Ill. Comp. Stat. 175/3(1)(A).

97.     Defendant Walgreens has knowingly made or used, or caused to be made or used, false records or statements material to false or fraudulent claims, in violation of 740 Ill. Comp. Stat. 175/3(1)(B).

98.     Defendant Walgreens has knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money to the state of Illinois, in violation of 740 Ill. Comp. Stat. 175/3(1)(G).

99.     Based on the foregoing allegations, the state of Illinois has suffered actual damages, with the exact amount to be determined at trial.

## COUNT ELEVEN
(Indiana False Claims and Whistleblower Protection Act, Ind. Code Ann. § 5-11-5.5-1 et seq.)

100.    Relator re-alleges Paragraphs 1 through 48 inclusive.

101.    Defendant Walgreens has knowingly presented or caused to be presented false claims for payment or approval, in violation of Ind. Code Ann. § 5-11-5.5-2(b)(1) and (b)(8).

102.    Defendant Walgreens has made or used, or caused to be made or used, false records or statements to obtain payment or approval false claims , in violation of Ind. Code Ann. § 5-11-5.5-2(b)(2) and (b)(8).

103.    Defendant Walgreens has made or used, or caused to be made or used, false records or statements to avoid an obligation to pay or transmit property, in violation of Ind. Code Ann. § 5-11-5.5-2(b)(6) and (b)(8).

104.    Based on the foregoing allegations, the state of Indiana has suffered actual damages, with the exact amount to be determined at trial.

## COUNT TWELVE
(Iowa False Claims Act, Iowa Code § 685.1 et seq.)

105.    Relator re-alleges Paragraphs 1 through 48 inclusive.

106.    Defendant Walgreens has knowingly presented or caused to be presented false claims for payment or approval, in violation of Iowa Code § 685.2(1)(a).

107.    Defendant Walgreens has knowingly made or used, or caused to be made or used, false records or statements material to false or fraudulent claims, in violation of Iowa Code § 685.2(1)(b).

108.   Defendant Walgreens has knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money to the state of Iowa, in violation of Iowa Code § 685.2(1)(g).

109.   Based on the foregoing allegations, the state of Iowa has suffered actual damages, with the exact amount to be determined at trial.

## COUNT THIRTEEN
(Louisiana Medical Assistance Programs Integrity Law, La. Rev. Stat. Ann. § 46:437.1 et seq.)

110.   Relator re-alleges Paragraphs 1 through 48 inclusive.

111.   Defendant Walgreens has knowingly presented or caused to be presented false or fraudulent claims, in violation of La. Rev. Stat. Ann. § 46:438.3(A).

112.   Defendant Walgreens has knowingly made or used, or caused to be made or used, false records or statements material to false or fraudulent claims, in violation of La. Rev. Stat. Ann. § 46:438.3(B).

113.   Defendant Walgreens has knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money to the state of Louisiana, in violation of La. Rev. Stat. Ann. § 46:438.3(C).

114.   Based on the foregoing allegations, the state of Louisiana has suffered actual damages, with the exact amount to be determined at trial.

## COUNT FOURTEEN
(Maryland False Health Claims Act, Md. Code Ann., Health-Gen. § 2-601 et seq.)

115.   Relator re-alleges Paragraphs 1 through 48 inclusive.

116.    Defendant Walgreens Defendant has knowingly presented or caused to be presented false claims for payment or approval, in violation of Md. Code Ann., Health- Gen. § 2-602(a)(1).

117.    Defendant Walgreens knowingly made or used, or caused to be made or used, false records or statements material to false or fraudulent claims, in violation of Md. Code Ann., Health-Gen. § 2-602(a)(2).

118.    Defendant Walgreens has knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money to the state of Maryland, in violation of Md. Code Ann., Health-Gen. § 2-602(a)(8).

119.    Based on the foregoing allegations, the state of Maryland has suffered actual damages, with the exact amount to be determined at trial.

### COUNT FIFTEEN
(Massachusetts False Claims Act, Mass. Gen. Laws ch. 12, § 5A et seq.)

120.    Relator re-alleges Paragraphs 1 through 48 inclusive.

121.    Defendant Walgreens Defendant has knowingly presented or caused to be presented false claims for payment or approval, in violation of Mass. Gen. Laws ch. 12, § 5B(a)(1).

122.    Defendant Walgreens has knowingly made or used, or caused to be made or used, false records or statements material to false or fraudulent claims, in violation of Mass. Gen. Laws ch. 12, § 5B(a)(2).

123.    Defendant Walgreens has knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money to the commonwealth of Massachusetts, in violation of Mass. Gen. Laws ch. 12, § 5B(a)(9).

124.    Based on the foregoing allegations, the commonwealth of Massachusetts has suffered actual damages, with the exact amount to be determined at trial.

## COUNT SIXTEEN
(Michigan Medicaid False Claims Act, Mich. Comp. Laws § 400.601 et seq.)

125.    Relator re-alleges Paragraphs 1 through 48 inclusive.

126.    Defendant Walgreens has knowingly made, or caused to be made, false representations of material fact for use in determining rights to benefits or payments, in violation of Mich. Comp. Laws § 400.603(2).

127.    Defendant Walgreens, with knowledge of the occurrence of an event affecting its initial or continued right to any benefit or payment, has knowingly concealed or failed to disclose that event with an intent fraudulently to secure the benefit or payment in a greater amount or quantity than is due, in violation of Mich. Comp. Laws § 400.603(3).

128.    Based on the foregoing allegations, the state of Michigan has suffered actual damages, with the exact amount to be determined at trial.

## COUNT SEVENTEEN
(Minnesota False Claims Act, Minn. Stat. § 15C.01 et seq.)

129.    Relator re-alleges Paragraphs 1 through 48 inclusive.

130.    Defendant has knowingly presented or caused to be presented false claims for payment or approval, in violation of Minn. Stat. § 15C.02(a)(1).

131.    Defendant Walgreens has knowingly made or used, or caused to be made or used, false records or statements material to false or fraudulent claims, in violation of Minn. Stat. § 15C.02(a)(2).

132.    Defendant Walgreens has knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money to the state of Minnesota, in violation of Minn. Stat. § 15C.02(a)(7).

133.    Based on the foregoing allegations, the state of Minnesota has suffered actual damages, with the exact amount to be determined at trial.

## COUNT EIGHTEEN
(Montana False Claims Act, Mont. Code Ann. § 17-8-401 et seq.)

134.    Relator re-alleges Paragraphs 1 through 48 inclusive.

135.    Defendant Walgreens has knowingly presented or caused to be presented false claims for payment or approval, in violation of Mont. Code Ann. § 17-8-403(1)(a).

136.    Defendant Walgreens has knowingly made or used, or caused to be made or used, false records or statements material to false or fraudulent claims, in violation of Mont. Code Ann. § 17-8-403(1)(b).

137.    Defendant Walgreens has knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money to the state of Montana, in violation of Mont. Code Ann. § 17-8-403(1)(g)

138.    Based on the foregoing allegations, the state of Montana has suffered actual damages, with the exact amount to be determined at trial.

## COUNT NIGHTEEN
(Nevada False Claims Act, Nev. Rev. Stat. § 357.010 et seq.)

139.    Relator re-alleges Paragraphs 1 through 48 inclusive.

140.    Defendant has knowingly presented or caused to be presented false claims for payment or approval, in violation of Nev. Rev. Stat. § 357.040(1)(a).

141.   Defendant Walgreens has knowingly made or used, or caused to be made or used, false records or statements material to false or fraudulent claims, in violation of Nev. Rev. Stat. § 357.040(1)(b).

142.   Defendant Walgreens has knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money to the state of Nevada, in violation of Nev. Rev. Stat. § 357.040(1)(g).

143.   Based on the foregoing allegations, the state of Nevada has suffered actual damages, with the exact amount to be determined at trial.

<u>**COUNT TWENTY**</u>
(New Jersey False Claims Act, N.J. Stat. Ann. § 2A:32C-1 et seq.)

144.   Relator re-alleges Paragraphs 1 through 48 inclusive.

145.   Defendant Walgreens knowingly presented or caused to be presented false claims for payment or approval, in violation of N.J. Stat. Ann. § 2A:32C-3(a).

146.   Defendant Walgreens has knowingly made or used, or caused to be made or used, false records or statements to get false or fraudulent claims paid or approved by the state of New Jersey, in violation of N.J. Stat. Ann. § 2A:32C-3(b).

147.   Defendant Walgreens has knowingly made or used, or caused to be made or used, false records or statements to conceal, avoid, or decrease an obligation to pay or transmit money or property the state of New Jersey, in violation of N.J. Stat. Ann. § 2A:32C-3(g).

148.   Based on the foregoing allegations, the state of New Jersey has suffered actual damages, with the exact amount to be determined at trial.

**COUNT TWENTY-ONE**
(New Mexico Medicaid False Claims Act, N.M. Stat. Ann. § 27-14-1 et seq.)

149.    Relator re-alleges Paragraphs 1 through 48 inclusive.

150.    Defendant Walgreens has knowingly presented or caused to be presented false claims for payment, in violation of N.M. Stat. Ann. § 27-14-4(A).

151.    Defendant Walgreens has knowingly made or used, or caused to be made or used, false records or statements to obtain a false or fraudulent claim under the Medicaid program paid for or approved by the state of New Mexico, in violation of N.M. Stat. Ann. § 27-14-4(C).

152.    Defendant Walgreens has knowingly made or used, or caused to be made or used, false records or statements to conceal, avoid or decrease an obligation to pay or transmit money or property to the state of New Mexico, in violation of N.M. Stat. Ann. § 27-14-4(E).

153.    Based on the foregoing allegations, the state of New Mexico has suffered actual damages, with the exact amount to be determined at trial.

**COUNT TWENTY-TWO**
(New York False Claims Act, N.Y. State Fin. Law § 111 et seq.)

154.    Relator re-alleges Paragraphs 1 through 48 inclusive.

155.    Defendant Walgreens has knowingly presented or caused to be presented false claims for payment or approval, in violation of N.Y. State Fin. Law § 189(1)(a).

156.    Defendant Walgreens has knowingly made or used, or caused to be made or used, false records or statements material to false or fraudulent claims, in violation of N.Y. State Fin. Law § 189(1)(b).

157.     Defendant Walgreens has knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money to the state of New York, in violation of N.Y. State Fin. Law § 189(1)(h).

158.     Based on the foregoing allegations, the state of New York has suffered actual damages, with the exact amount to be determined at trial.

## COUNT TWENTY-THREE
(North Carolina False Claims Act, N.C. Gen. Stat. § 1-605 et seq.)

159.     Relator re-alleges Paragraphs 1 through 48 inclusive.

160.     Defendant Walgreens has knowingly presented or caused to be presented false claims for payment or approval, in violation of N.C. Gen. Stat. § 1-607(a)(1).

161.     Defendant Walgreens has knowingly made or used, or caused to be made or used, false records or statements material to false or fraudulent claims, in violation of N.C. Gen. Stat. § 1-607(a)(2).

162.     Defendant Walgreens has knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money to the state of North Carolina, in violation of N.C. Gen. Stat. § 1-607(a)(7).

163.     Based on the foregoing allegations, the state of North Carolina has suffered actual damages, with the exact amount to be determined at trial.

## COUNT TWENTY-FOUR
(Oklahoma False Claims Act, Okla. Stat. Ann. tit. 63, § 5053 et seq.)

164.     Relator re-alleges Paragraphs 1 through 48 inclusive.

165.     Defendant Walgreens has knowingly presented or caused to be presented false claims for payment or approval, in violation of Okla. Stat. Ann. tit. 63, § 5053.1(B)(1).

166.    Defendant Walgreens has knowingly made or used, or caused to be made or used, false records or statements to get false or fraudulent claims paid or, in violation of Okla. Stat. Ann. tit. 63, § 5053.1(B)(2).

167.    Defendant Walgreens has knowingly made or used, or caused to be made or used, false records or statements to conceal, avoid, or decrease an obligation to pay or transmit money or property to the state of Oklahoma, in violation of Okla. Stat. Ann. tit. 63, § 5053.1(B)(7).

168.    Based on the foregoing allegations, the state of Oklahoma has suffered actual damages, with the exact amount to be determined at trial.

## COUNT TWENTY-FIVE
(Rhode Island State False Claims Act, R.I. Gen. Laws § 9-1.1-1 et seq.)

169.    Relator re-alleges Paragraphs 1 through 48 inclusive.

170.    Defendant Walgreens has knowingly presented or caused to be presented false claims for payment or approval, in violation of R.I. Gen. Laws § 9-1.1-3(a)(1).

171.    Defendant Walgreens has knowingly made or used, or caused to be made or used, false records or statements material to false or fraudulent claims, in violation of R.I. Gen. Laws § 9-1.1-3(a)(2).

172.    Defendant Walgreens has knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money to the state of Rhode Island, in violation of R.I. Gen. Laws § 9-1.1-3(a)(7).

173.    Based on the foregoing allegations, the state of Rhode Island has suffered actual damages, with the exact amount to be determined at trial.

### COUNT TWENTY-SIX
(Tennessee Medicaid False Claims Act, Tenn. Code Ann. § 71-5-181 et seq.)

174.    Relator re-alleges Paragraphs 1 through 48 inclusive.

175.    Defendant Walgreens has knowingly presented or caused to be presented false claims for payment or approval, in violation of Tenn. Code Ann. § 71-5-182(a)(1)(A).

176.    Defendant Walgreens has knowingly made or used, or caused to be made or used, false records or statements material to false or fraudulent claims, in violation of Tenn. Code Ann. § 71-5-182(a)(1)(B).

177.    Defendant Walgreens has knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money to the state of Tennessee, in violation of Tenn. Code Ann. § 71-5-182(a)(1)(D).

178.    Based on the foregoing allegations, the state of Tennessee has suffered actual damages, with the exact amount to be determined at trial.

### COUNT TWENTY-SEVEN
(Texas Medicaid Fraud Prevention Act, Tex. Hum. Res. Code § 36.001 et seq.)

179.    Relator re-alleges Paragraphs 1 through 48 inclusive.

180.    Defendant Walgreens has knowingly made or caused to be made false statements of material fact to permit a person to receive a benefit or payment that is not authorized or that is greater than the benefit or payment that is authorized, in violation of Tex. Hum. Res. Code § 36.002(1).

181.    Defendant Walgreens has knowingly concealed or failed to disclose information permitting a person to receive a benefit or payment that is not authorized or that

is greater than the benefit or payment that is authorized, in violation of Tex. Hum. Res. Code § 36.002(2).

182.    Defendant Walgreens has knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money to the state of Texas, in violation of Tex. Hum. Res. Code § 36.002(12).

183.    Based on the foregoing allegations, the state of Texas has suffered actual damages, with the exact amount to be determined at trial.

## COUNT TWENTY-EIGHT
(Vermont False Claims Act, Vt. Stat. Ann. tit. 32, § 631 et seq.)

184.    Relator re-alleges Paragraphs 1 through 48 inclusive.

185.    Defendant Walgreens has knowingly presented or caused to be presented false claims for payment or approval, in violation of Vt. Stat. Ann. tit. 32, § 631(a)(1).

186.    Defendant Walgreens has knowingly made or used, or caused to be made or used, false records or statements material to false or fraudulent claims, in violation of Vt. Stat. Ann. tit. 32, § 631(a)(2).

187.    Defendant Walgreens has knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money to the state of Vermont, in violation of Vt. Stat. Ann. tit. 32, § 631(a)(10).

188.    Based on the foregoing allegations, the state of Vermont has suffered actual damages, with the exact amount to be determined at trial.

## COUNT TWENTY-NINE
(Virginia Fraud Against Taxpayer Act, Va. Code Ann. § 8.01-216.1 et seq.)

189.    Relator re-alleges Paragraphs 1 through 48 inclusive.

190.    Defendant Walgreens has knowingly presented or caused to be presented false claims for payment or approval, in violation of Va. Code Ann. § 8.01-216.3(A)(1).

191.    Defendant Walgreens has knowingly made or used, or caused to be made or used, false records or statements material to false or fraudulent claims, in violation of Va. Code Ann. § 8.01-216.3(A)(2).

192.    Defendant Walgreens has knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money to the commonwealth of Virginia, in violation of Va. Code Ann. § 8.01-216.3(A)(7).

193.    Based on the foregoing allegations, the commonwealth of Virginia has suffered actual damages, with the exact amount to be determined at trial.

### COUNT THIRTY
(Washington Medicaid Fraud False Claims Act, Wash. Rev. Code § 74.66.010 et seq.)

194.    Relator re-alleges Paragraphs 1 through 66 inclusive.

195.    Defendant Walgreens has knowingly presented or caused to be presented false claims for payment or approval, in violation of Wash. Rev. Code § 74.66.020(1)(a).

196.    Defendant Walgreens has knowingly made or used, or caused to be made or used, false records or statements material to false or fraudulent claims, in violation of Wash. Rev. Code § 74.66.020(1)(b).

197.    Defendant Walgreens has knowingly concealed or knowingly and improperly avoided or decreased an obligation to pay or transmit money to the state of Washington, in violation of Wash. Rev. Code § 74.66.020(1)(g).

198.    Based on the foregoing allegations, the state of Washington has suffered actual damages, with the exact amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

1. On Counts One through Thirty, judgment for the United States or the state, as applicable, against the Defendant in an amount equal to three times the damages the federal or state plaintiff government, respectively, has sustained because of the Defendant's actions, plus a civil penalty of $11,463 to $22,927 (adjusted for inflation as of February 7, 2019) for each violation;

2. On Counts One through Thirty, an award to the Relator for the maximum relator's share allowed under the federal or state law under which suit is brought by the Relator on behalf of the federal or state plaintiff, respectively;

3. Against the Defendant, an award of attorney's fees, expenses, and costs of suit; and

4. Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Relator hereby demands that this matter be tried before a jury.

Dated:  April 23, 2020                                   Respectfully submitted,

Sean Estes, Esq.
FL Bar #55770
**HOYER LAW GROUP, PLLC**
2801 West Busch Blvd, Ste 200
Tampa, FL 33618
Tel. (813) 375-3700
Fax: (813) 375-3710
sean@hoyerlawgroup.com

Wm. Paul Lawrence, II, Esq.
(To Be Admitted *Pro Hac Vice*)

Page **37** of **38**

**WATERS & KRAUS LLP**
37163 Mountville Road
Middleburg, Virginia 20117
Tel. (540) 687-6999
Fax. (540) 687-5457
plawrence@waterskraus.com

**Attorneys for Plaintiff/Relator**